**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

RONALD KELLY and PATRICE KELLY,
individually and as h/w, and
RONALD KELLY and PATRICE KELLY,
as Assignees of BBK TAVERN, INC., d/b/a
THE PRINCETON TAVERN, by and through its
authorized representative JOHN BELL,

        Plaintiffs/Counterclaim Defendants,

v.

CASE NO. 2.14-cv-07149-JHS

MAXUM SPECIALTY INSURANCE GROUP;

        Defendant,

and THE CARMAN CORPORATION;
and THE CARMAN GROUP, INC.,
and THE CARMAN GROUP, LLC;
and SERGIUS B. CARMAN,

        Defendants/Realigned
        Plaintiffs/Crossclaim-Counterclaim
        Defendants.

/

## JOINT STIPULATION OF DISMISSING COUNTERCLAIMS AGAINST CARMAN

MAXUM INDEMNITY COMPANY ("Maxum") and THE CARMAN CORPORATION, THE CARMAN GROUP, INC., THE CARMAN GROUP, LLC, and SERGIUS B. CARMAN (collectively "Carman"), stipulate as follows.

### Background

1. In 2007, Ronald Kelly and Patrice Kelly were involved in a car accident with another car being driven by a drunk driver. (DE 1-1, Pg. 14.)[1]

2. The drunk driver had allegedly become intoxicated at a bar owned by BBK

---

[1] All references to the allegations from the underlying complaint are for background purposes. By entering into this stipulation, Carman does not admit any of the allegations in the underlying complaint or stipulate to the accuracy of those allegations.

Tavern, Inc. d/b/a Princeton Tavern. (*Id*)

3.     Before the accident, Princeton Tavern's insurance broker was Carman. (*Id*., Pg. 13)

4.     Carman helped Princeton Tavern procure dram shop coverage under a liability policy purchased from State National Insurance Company ("State National"). (*Id.*)

5.     In 2009, Ronald and Patrice Kelly sued Princeton Tavern for dram shop liability for allegedly selling alcohol to the intoxicated driver who caused the accident. (*Id.*, Pg. 14.)

6     Princeton Tavern allegedly contacted Carman to report Kelly's lawsuit under its dram shop policy. (*Id.*)[2]

7.     State National disclaimed coverage because Princeton Tavern failed to timely notify it of Kelly's lawsuit. (DE 38-1, Pg. 2, 15.)

8.     Kelly later settled with Princeton Tavern. The settlement allegedly includes an assignment of its rights to sue Carman for allegedly failing to notify State National ("**Incident**") (*Id*)[3]

9.     Subsequently, Kelly filed a tort action against Carman for broker malpractice in the Court of Common Pleas of Philadelphia, First Judicial District of Pennsylvania, Case ID No. 130704825 ("**Underlying Action**"). (DE 1-1, Pg 11-29)

10.    Maxum issued a claims made and reported Professional Liability Policy to "The Carman Corporation" as the Named Insured, bearing Policy No. PFP-6016792-03, and effective

---

[2] Carman specifically denies that Princeton Tavern asked Carman to notify State National and request that State National provide it with defense and indemnity against Kelly's lawsuit under its dram shop policy.

[3] Carman specifically denies that Princeton Tavern assigned its rights to sue Carman for allegedly failing to notify State National

Page 2 of 5

08/31/2013 to 08/31/2014 ("**Policy One**"), which was renewed from 08/31/2014 to 08/31/2015 ("**Policy Two**").

11. In November 2014, for the first time, Kelly's counsel notified Maxum of the Underlying Action and demanded coverage for Carman. (DE 14-1.)

12. Maxum disclaimed coverage because the claim against Carman was not first made and reported to Maxum during the operative policy period. (*Id.*)

13. Stated simply, Carman was served with Kelly's complaint on the first week of December 2013, but Maxum was not notified until November 2014.

14. On December 1, 2014, RONALD KELLY and PATRICE KELLY, individually and as h/w, and RONALD KELLY and PATRICE KELLY, as Assignees of BBK TAVERN, INC., d/b/a THE PRINCETON TAVERN, by and through its authorized representative JOHN BELL (collectively "Kelly") sued Maxum in an action styled *Maxum Specialty Insurance Group, et al.*, Case No. 2-14-cv-07149 filed in the United States District Court Eastern District of Pennsylvania for a declaration that Maxum owes coverage to Carman ("Coverage Action.") (DE 1-1.)

15. Maxum timely removed under 28 U.S.C. § 1332 and moved to dismiss. (DE 1; DE 23.)

16. Carman and Kelly moved to remand, which the Court granted (DE 41.) The remand order was reversed by the Third Circuit Court of Appeals.

17. After reversal, Maxum withdrew its motion to dismiss and filed an answer, affirmative defenses, and counterclaims against Carman and Kelly for a finding of no coverage under the insuring agreement and because several exclusions applied to Kelly's tort suit against Carman. (DE 48.)

18. On February 16, 2018, the jury in the Underlying Action issued a verdict in favor of Kelly and against Carman for negligence and breach of oral contract ("**Verdict**"). The Verdict did not include any monetary damages in favor of Kelly.

### Stipulations and Release

19. After reviewing the authority provided by Maxum to the Court on June 13, 2018, Carman stipulates that there is no coverage under **Policy One** or **Policy Two** for the **Incident**, the **Underlying Action**, the **Verdict**, and any judgment which may be entered against it in the Underlying Action.

20. Further, Carman voluntarily and knowingly, fully, unconditionally and generally releases Maxum, separately, collectively, severally, directly, and vicariously, from any and all state, local, and federal causes of action, liabilities, attorney's fees and costs, and judgments of every type and description whatsoever (including, but not limited to, all claims in equity, under local, federal, or state tort, contract, bad faith, unfair claims practices laws or regulations, or statutes) that they have, may have, or may ever claim to have, whether known or unknown, against Maxum, its affiliates, predecessors, successors, parents, subsidiaries, related companies, divisions, assigns, officers, directors, shareholders, representatives, benefits administrators, contractors, employees, former employees, employers, former employers, attorneys, agents, and reinsurers related in any way to coverage under **Policy One** or **Policy Two** for the **Incident**, the **Underlying Action**, the **Verdict**, and any judgment which may be entered against it in the Underlying Action

### Dismissal

21 Based on the stipulations and release in paragraphs 1 – 19 above, Maxum and Carman agree to dismiss the counterclaims against Carman (DE 48) in the Coverage Action with

prejudice, with each party bearing their own attorney's fees and costs.

Respectfully submitted,

BRIAN R. ELIAS
Pa. Br No. 82938
460 Norristown Road, Suite 110
Blue Bell, PA 19422
(610) 925-8400
belias@wispearl.com

/s/MICHELE A. VARGAS
SINA BAHADORAN
Florida Bar No. 523364
Sina.Bahadoran@Clydeco.us
MICHELE A. VARGAS
Florida Bar No. 686395
Michele.Vargas@Clydeco.us

CLYDE & CO US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2018, I e-filed this document using the CM/ECF system. I further certify that I am not aware of any non-CM/ECF participants.

/s/MICHELE A. VARGAS
MICHELE A. VARGAS

*APPROVED AND SO ORDERED:*

*OCTOBER 11, 2018.*

*Joel Slomsky*
                  J.