**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

RONALD KELLY and PATRICE KELLY,
individually and as h/w, and
RONALD KELLY and PATRICE KELLY,
as Assignees of BBK TAVERN, INC., d/b/a
THE PRINCETON TAVERN, by and through its
authorized representative JOHN BELL,

        Plaintiffs/Counterclaim Defendants,

v.

        CASE NO: 2:14-cv-07149-JHS

MAXUM SPECIALTY INSURANCE GROUP;

        Defendant,

and THE CARMAN CORPORATION;
and THE CARMAN GROUP, INC.;
and THE CARMAN GROUP, LLC;
and SERGIUS B. CARMAN,

        Defendants/Realigned
        Plaintiffs/Crossclaim-Counterclaim
        Defendants.

_____/

## JOINT STIPULATION OF DISMISSING COUNTERCLAIMS AGAINST KELLY AND COMPLAINT AGAINST MAXUM AND CARMAN

MAXUM INDEMNITY COMPANY ("Maxum") and RONALD KELLY and PATRICE

KELLY, individually and as h/w, and RONALD KELLY and PATRICE KELLY, as Assignees

of BBK TAVERN, INC., d/b/a THE PRINCETON TAVERN, by and through its authorized

representative JOHN BELL (collectively "Kelly"), stipulate as follows:

### Background

1.    In 2007, Ronald Kelly was involved in a car accident with another car being

driven by a drunk driver. (DE 1-1, Pg. 14.)

2.    The drunk driver had allegedly become intoxicated at a bar owned by BBK

Tavern, Inc. d/b/a Princeton Tavern. (*Id* )

3.       Before the accident, Princeton Tavern's insurance broker was Carman. (*Id.*, Pg. 13.)

4.       Carman helped Princeton Tavern procure dram shop coverage under a liability policy purchased from State National Insurance Company ("State National"). (*Id.*)

5.       In 2009, Ronald and Patrice Kelly sued Princeton Tavern for dram shop liability for allegedly selling alcohol to the intoxicated driver who caused the accident. (*Id* , Pg. 14.)

6.       Princeton Tavern allegedly contacted Carman to report Kelly's lawsuit under its dram shop policy. (*Id.*)

7.       State National disclaimed coverage because Princeton Tavern failed to timely notify it of Kelly's lawsuit. (DE 38-1, Pg. 2, 15.)

8.       Kelly later settled with Princeton Tavern for $5M. The settlement allegedly includes an assignment of its rights to sue Carman for allegedly failing to notify State National ("**Incident**"). (*Id.*)

9.       Subsequently, Kelly filed a tort action against Carman for negligence and breach of oral contract in the Court of Common Pleas of Philadelphia, First Judicial District of Pennsylvania, Case ID No. 130704825 ("**Underlying Action**"). (DE 1-1, Pg. 11-29.)

10.       Maxum issued a claims made and reported Professional Liability Policy to "The Carman Corporation" as the Named Insured, bearing Policy No. PFP-6016792-03, and effective 08/31/2013 to 08/31/2014 ("**Policy One**"), which was renewed from 08/31/2014 to 08/31/2015 ("**Policy Two**").

11.       In November 2014, for the first time, Kelly's counsel notified Maxum of the Underlying Action and demanded coverage for Carman. (DE 14-1.)

12.       Maxum disclaimed coverage because the claim against Carman was not first

made and reported to Maxum during the operative policy period. (*Id.*)

13.     Stated simply, Carman was served with Kelly's complaint on the first week of December 2013, but Maxum was not notified until November 2014.

14.     On December 1, 2014, Kelly sued Maxum in an action styled *Maxum Specialty Insurance Group, et. al.,* Case No. 2-14-cv-07149 filed in the United States District Court Eastern District of Pennsylvania for a declaration that Maxum owes coverage to Carman ("Coverage Action.") (DE 1-1.)

15.     Maxum timely removed under 28 U.S.C. § 1332 and moved to dismiss. (DE 1; DE 23.)

16.     Carman and Kelly moved to remand, which the Court granted. (DE 41.) The remand order was reversed by the Third Circuit Court of Appeals.

17.     After reversal, Maxum withdrew its motion to dismiss and filed an answer, affirmative defenses, and counterclaims against Carman and Kelly for a finding of no coverage under the insuring agreement and because several exclusions applied to Kelly's tort suit against Carman. (DE 48.)

18.     On February 16, 2018, the jury in the Underlying Action issued a verdict in favor of Kelly and against Carman for negligence and breach of oral contract ("**Verdict**"). The Verdict did not include any monetary damages in favor of Kelly.[1]

### Stipulations and Release

19.     After reviewing the authority provided by Maxum to the Court on June 13, 2018,

---

[1] The issue of damages was not part of the jury's deliberation. Instead, the issue of damages was reserved for the trial court's consideration. Ultimately, the trial court denied Kelly's motion to enter judgment in the amount of $5M against Carman. On August 14, 2018, Kelly filed an appeal of the trial court's ruling.

Kelly stipulates that there is no coverage under **Policy One** or **Policy Two** for the **Incident**, the **Underlying Action**, the **Verdict**, and any judgment which may be entered against Carman in the Underlying Action.

20.      Further, Kelly voluntarily, knowingly, irrevocably, fully, unconditionally and generally releases Maxum, separately, collectively, severally, directly, and vicariously, from any and all state, local, and federal causes of action, liabilities, attorney's fees and costs, and judgments of every type and description whatsoever (including, but not limited to, all claims in equity, under local, federal, or state tort, contract, bad faith, unfair claims practices laws or regulations, or statutes) that they have, may have, or may ever claim to have, whether known or unknown forever, against Maxum, its affiliates, predecessors, successors, parents, subsidiaries, related companies, divisions, assigns, officers, directors, shareholders, representatives, benefits administrators, contractors, employees, former employees, employers, former employers, attorneys, agents, and reinsurers related in any way to coverage under **Policy One** and **Policy Two** for the **Incident** regardless of the theory of liability, the **Underlying Action**, the **Verdict**, and any judgment which may be entered against Carman in the Underlying Action.

21.      Based on the stipulations and release in paragraphs 1 – 19 above, Maxum and Kelly agree to dismiss with prejudice (a) the complaint against Maxum and Carman (DE 1-1), and (b) the counterclaims against Kelly (DE 48), with each party bearing their own attorney's fees and costs.

Respectfully submitted,

/s/MICHELE A. VARGAS
SINA BAHADORAN
Florida Bar No. 523364
Sina.Bahadoran@Clydeco.us
MICHELE A. VARGAS
Florida Bar No. 686395
Michele.Vargas@Clydeco.us

CLYDE & CO US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646

STEVE M. MEZROW
Validation Code: MOP2337
smezrow@pansinilaw.com
GREGORY J. KOWALSKI
Validation Code: GJK3197
gkowalski@pansinilaw.com

PANSINI & MEZROW
1525 Locust Street, 15th Floor
Philadelphia, PA 19102
Tel: 215-732-5555

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2018, I e-filed this document using the

CM/ECF system. I further certify that I am not aware of any non-CM/ECF participants.

/s/MICHELE A. VARGAS
MICHELE A. VARGAS

*APPROVED AND SO ORDERED*
*October 11, 2018:*

*Joel Slomsky*
*J.*